**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000160**
**27-FEB-2023**
**08:00 AM**
**Dkt. 116 SO**

NO. CAAP-19-0000160

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK
AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC.,
ALTERNATIVE LOAN TRUST 2006-23CB MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2006-23CB, Plaintiff-Appellee, v.
DENNIS WILKINS; ANNA FETUAU WILKINS; BRANDON CRAIG KAWIKA
MASAYUKI KAMIKO; FAYELYN KUULEIALOHA KAMIKO,
Defendants-Appellants and
ASSOCIATION OF APARTMENT OWNERS OF THE ROYAL PALM AT
WAIPIO; THE ROYAL PALM AT WAIPIO; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR
COUNTRYWIDE HOME LOANS, INC.; STATE OF HAWAII
DEPARTMENT OF TAXATION, Defendants-Appellees, and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50 and DOE GOVERNMENTAL UNITS 2-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2377)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Defendants-Appellants Dennis Wilkins, Anna Fetuau

Wilkins, Brandon Craig Kawika Masayuki Kamiko, and Fayelyn

Kuuleialoha Kamiko (**Appellants**) appeal from the February 12, 2019

Judgment (**Judgment on Confirmation Order**) entered by the Circuit

Court of the First Circuit (**Circuit Court**).[1]  Appellants also challenge the Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**) entered by the Circuit Court on June 22, 2018, as well as the Circuit Court's Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorney's Fees, Costs, Directing Conveyance (**Confirmation Order**) and for Writ of Ejectment (**Writ of Ejectment**), entered on February 12, 2019.  On June 22, 2018, the Circuit Court entered a final judgment on the Foreclosure Decree (**Foreclosure Judgment**).

It appears that Appellants seek to raise two related points of error on appeal,[2] contending that:  (1) the Circuit Court erred in entering the Foreclosure Decree; and (2) Plaintiff-Appellee The Bank of New York Mellon, formerly known as The Bank of New York as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-23CB Mortgage Pass Through Certificates, Series 2006-23CB (**BONY Mellon**) failed to carry its

---

[1]  The Honorable Jeannette H. Castagnetti presided.

[2]  Appellants' points of error are not in compliance with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).  "Points not presented in accordance with HRAP Rule 28(b)(4) will be disregarded."  Alvarez Fam. Tr. v. Ass'n of Apartment Owners of Kaanapali Alii, 121 Hawai'i 474, 488, 221 P.3d 452, 466 (2009) (emphasis and brackets omitted).  While noncompliance with HRAP Rule 28(b)(4) may be sufficient to affirm a lower court's judgment, "we endeavor to afford 'litigants the opportunity to have their cases heard on the merits, where possible.'"  Royce v. Plaza Home Mortg., Inc., No. CAAP-19-0000757, 2022 WL 17335413, *1 n.2 (Haw. App. Nov. 30, 2022) (SDO) (quoting Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012)).

burden of proof to show that it had possession of the subject note at the time that the foreclosure complaint was filed.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we address Appellants' arguments as follows:

On July 24, 2019, this court entered an order stating, *inter alia*:

> [W]e have appellate jurisdiction over the instant appeal for the limited purpose of reviewing the [Judgment on Confirmation Order].
>
> The [Judgment on Confirmation Order] is certified under HRCP Rule 54(b) and appealable pursuant to HRS § 667-51(a)(2), and the Appellants' March 11, 2019 notice of appeal timely invoked our appellate jurisdiction to review it under Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure. [T]he Appellants' failure to seek timely appellate review of the circuit court's earlier [Foreclosure Judgment] on the [Foreclosure Decree] pursuant to HRS § 667-51(a)(1) rendered that [Foreclosure Judgment] "final and binding." Mortg. Elec. Registration Sys. Inc. v. Wise, 130 Hawaiʻi 11, 17, 304 P.3d 1192, 1198 (2013). Thereafter, "in the context of proceedings to confirm the sale of foreclosed property, the judgment of foreclosure has a preclusive effect." Id. at 18, 390 P.3d at 1199. Under the doctrine of *res judicata*, the failure of an aggrieved party to timely appeal from a judgment on the decree of foreclosure pursuant to HRS § 657-51(a)(1) precludes subsequent appellate review of that judgment on the decree of foreclosure by way of an appeal from a judgment on an order confirming the sale of the foreclosed property. Id. at 17-18, 390 P.3d at 1198-99. In the instant case, the Appellants' March 11, 2019 notice of appeal designated the [Foreclosure Decree] as one of the appealed documents, but the Appellants are nevertheless precluded from appellate review of [Foreclosure Judgment] and the related [Foreclosure Decree].
>
> However, pursuant to HRS § 657-51(a)(2), the Appellants are entitled to appellate review of [Judgment on Confirmation Order].

As we previously stated, Appellants failed to timely appeal from the Foreclosure Judgment and Foreclosure Decree, and

the merits of the Foreclosure Decree are not reviewable in this appeal.  Wise, 130 Hawaiʻi at 17, 304 P.3d at 1198; see also Bank of N.Y. Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 368, 400 P.3d 559, 569 (2017) (holding that "[a]n appellant cannot challenge the merits of a foreclosure decree in an appeal of an order confirming sale[]" because "orders confirming sale are separately appealable from the decree of foreclosure.") (brackets and citation omitted); Royce, 2022 WL 17335413 at *2-4 (holding that res judicata precluded self-represented plaintiffs from challenging the foreclosure judgment after they did not timely appeal the judgment).

Appellants' only arguments pertain to the entry of the Foreclosure Decree; Appellants do not raise any arguments challenging the Confirmation Order and/or the Judgment on Confirmation Order.

Therefore, the Circuit Court's February 12, 2019 Judgment on Confirmation Order is affirmed.

DATED: Honolulu, Hawaiʻi, February 27, 2023.

On the briefs:

Keoni K. Agard,
(HK Law Group, LLC),
for Defendants-Appellants.

Charles R. Prather,
Robin Miller,
Peter T. Stone,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge